IN THE CIRCUIT COURT DIVISION OF THE 6th JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
Civil Division

FREDDY I. CUVEAS, JR.

    Plaintiff,

v.                                Case Number _____

G.C. SERVICES, L.P.

    Defendant
_____/

## COMPLAINT

The Plaintiff by and through his undersigned counsel, sues Defendant, and further alleges as follows:

1. Plaintiff is a resident of Pinellas County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a foreign corporation doing business throughout the State of Florida, including Pinellas County, as a debt collector. Defendant is a debt collector as defined by law. For the purposes of this lawsuit, Defendant is a person under the Act. All material events occurred regarding the collection of this alleged debt occurred in Pinellas County, Florida.

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a consumer debt.

8. Defendant contacted Plaintiff's employer, on at least December 3, 2014.

9. By Defendant contacting Plaintiff's employer, prior to having obtained a judgment on this contested debt, Defendant has violated the Fla. Statutes, Section 559.72(4).

10. Defendant is not permitted to contact Plaintiff employer or to threaten to contact Plaintiff's employer unless the Defendant had a judgment against Plaintiff, which Defendant does not. Defendant contacted

11. Plaintiff respectfully confronted Defendant and spoke to Defendant's representative, Jason as well as Jason's supervisor who did not identify himself to Plaintiff, and Defendant admitted to having called Plaintiff's employer and to having discussed the nature of the debt that Defendant was trying to collect against Defendant and that Defendant was going to garnish Plaintiff's wages. When Plaintiff asked whether Defendant had a judgment against Plaintiff, Defendant admitted that it did not. When Plaintiff asked why Defendant would tell Plaintiff's employer that Defendant that had a garnishment against Plaintiff, Defendant went so far as boldly to tell Plaintiff that, "you need to comes to terms with this" in reference to the alleged debt. Defendant's call to Plaintiff's employer came after Defendant had already been told not to contact Plaintiff.

11. Fla. Statutes, Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors, and which prevents a debt collector from communicating with Defendant's employer.

13. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious conduct, contacting Plaintiff's employer for the purpose of embarrassing and harassing Plaintiff, a violation of law, including but not limited to Fla. Statutes, Section 559.72.

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

Under penalty of perjury I swear and affirm that the facts set forth above are true and correct.

*[signature]*

Freddy L. Cuveas, Jr.

                                                <u>**s/W. John Gadd**</u>
                                                W. John Gadd
                                                FL Bar Number 463061
                                                **Bank of America Building**
                                                2727 Ulmerton Road-Suite 250
                                                Clearwater, FL 33762
                                                Tel – (727)524-6300
                                                Email – wjg@mazgadd.com